Case 12-39321   Document 97   Filed in TXSB on 06/19/13   Page 1 of 4



ENTERED
06/19/2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| KICKAPOO KENNELS, LLC, | ) CASE NO. 12-39321-H3-11 |
| Debtor, | ) |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on "Prospect Capital Corporation's Motion to Dismiss the Bankruptcy Petition of Debtor Kickapoo Kennels, LLC" (Docket No. 46). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered dismissing the above captioned Chapter 11 case. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Kickapoo Kennels, LLC ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on December 20, 2012.

Debtor's principals are Michael Enmon and Kari Enmon. Debtor operates an animal kennel on real property located in northwest Harris County, Texas. Debtor does not own the real

property.  Kari Enmon testified that the real property is owned by the Enmon Irrevocable Family Trust ("Trust").

During 2008, after an arbitration which took place during 2007, the United States District Court for the Southern District of New York entered judgment in favor of Prospect Capital Corporation ("Prospect"),[1] against Michael Enmon, in the amount of $2,287,687.32.  (Prospect Exhibit 1).

On a suit filed by Prospect, the United States District Court for the Southern District of Texas found that Michael Enmon fraudulently transferred certain mineral interests to his mother, Grace Enmon, during the arbitration.  The court found that Grace Enmon then sold the assets, and used them to create the Trust. The court entered judgment, <u>inter alia</u>, voiding the transfers of mineral rights from Michael Enmon to Grace Enmon, the transfer of the sale proceeds from Grace Enmon into the Trust, all transfers of personal property from Michael Enmon into Debtor, and all transfers of money and/or property into Debtor by the defendants in that suit.[2]  (Prospect Exhibit 4).

---

[1] Prospect was the lead petitioner of six entities in the New York litigation.  The judgment directed Enmon to pay the petitioners.  For ease of discussion, they are collectively identified as "Prospect."

[2] The defendants in that suit were Michael Enmon, the Trust, Kari Enmon, Grace W. Enmon, Debtor, and James Van Meter, as trustee of the Trust.

Three days after the judgment was entered by the United States District Court for the Southern District of Texas, Debtor filed the petition in the instant case.

Kari Enmon testified that Debtor has appealed the judgment entered by the United States District Court for the Southern District of Texas.  She testified that Debtor filed the instant case for the purpose of preserving the business while she and the other defendants attempted to settle the litigation pending on appeal.  She testified that Debtor's business has been doing very well.

Kari Enmon testified that she and Michael Enmon live at Debtor's kennel, in a 1,500 square foot apartment.  She testified that she began receiving a management fee of $5,800 per month during May, 2013.  She testified that, prior to May, 2013, she and her husband paid living expenses from a severance payment to Michael Enmon from his previous job.

### Conclusions of Law

Courts consider the totality of the circumstances in determining whether there is cause for dismissal. <u>Matter of Atlas Supply Corp.</u>, 857 F.2d 1061 (5th Cir. 1988).  This court has generally found cause to dismiss cases in which it appeared that the debtor was attempting to use the provisions of the Bankruptcy Code to gain an unfair advantage in a two party dispute. <u>See</u> e.g., <u>In re Bray & Jamison, PLLC</u>, Case No. 11-38957-H3-11 (Slip Op. Jan. 5, 2012); <u>In re Antelope Technologies,</u>

Inc., Case No. 07-31159-H3-11 (Slip Op. Jan. 7, 2010); In re Starmark Clinics, LP, 388 B.R. 729 (Bankr. S.D. Tex. 2008); In re Kemper, Case No. 04-82663-G3-7 (Slip Op. May 18, 2006); In re Gamma Env. Services, Inc., Case No. 01-32689-H3-7 (Slip Op. July 18, 2001); In re Leslie, Case No. 98-35386-H3-11 (Slip Op. February 12, 1999).  See also In re Mazzocone, 200 B.R. 568 (E.D. Pa. 1996); In re Ravick Corp., 106 B.R. 834 (Bankr. D.N.J. 1989); Argus Group 1700, Inc. v. Steinman (In re Argus Group 1700, Inc.), 206 B.R. 757 (E.D. Pa. 1997).

In the instant case, Debtor is operating profitably. Debtor was operating profitably prepetition.  There was no financial need, from Debtor's operational perspective, for the filing of a Chapter 11 case.  Instead, this case appears to have been filed in order to gain an unfair advantage in a two-party dispute, by delaying implementation of the Judgment of the United States District Court for the Southern District of Texas, while an appeal is pending.[3]  The court concludes, based on the totality of the circumstances, that the above captioned Chapter 11 case should be dismissed.

Signed at Houston, Texas on June 19, 2013.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[3]The court notes that there are other mechanisms available to litigants in the federal courts, such as seeking a stay pending appeal, or filing a supersedeas bond.